UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS LEE LOVE, JR., <br><br> Plaintiff, <br><br> vs. <br><br> SHAFFER, et al., <br><br> Defendants. | **1:21-cv-01380-ADA-GSA-PC** <br><br> **FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDER** <br><br> **(ECF No. 19.)** <br><br> **OBJECTIONS, IF ANY, <u>DUE BY JULY 20, 2023</u>** |

**I.   BACKGROUND**

Morris Lee Love, Jr. ("Plaintiff") is a former county jail inmate proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 15, 2021. (ECF No. 1.)

On May 17, 2023, the Court screened the Complaint and issued an order requiring Plaintiff to either (1) notify the Court that he wishes to proceed only with the cognizable excessive force claims against Defendants Shaffer and Van-ness, or (2) file an amended complaint, on or before June 20, 2023. (ECF No. 19.) The June 20, 2023 deadline has passed and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order.

**II.     DISMISSAL FOR FAILURE TO COMPLY WITH COURT'S ORDERS**

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id.  (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since September 15, 2021.  Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting this case.  In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not inform the Court whether he wishes to proceed with his original Complaint or file an amended complaint.  Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."  Id. (citing Yourish at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to comply with the Court's order that is causing delay.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Given that Plaintiff is a prisoner proceeding *pro se* with this action, the Court finds monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal.  Id. at 643.

**III.     RECOMMENDATION AND CONCLUSION**

The Court **HEREBY RECOMMENDS** that this case be dismissed based on Plaintiff's failure to comply with the Court's order issued on May 17, 2023.  (ECF No 19).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **On or before July 20, 2023**, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 29, 2023**                              **/s/ Gary S. Austin**
                                                                                    UNITED STATES MAGISTRATE JUDGE