UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS LEE LOVE, JR.,<br><br>Plaintiff,<br><br>v.<br><br>SHAFFER, et al.,<br><br>Defendants. | No. 1:21-cv-01380-ADA-GSA (PC)<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS AND ORDERING DEFENDANT TO RESPOND WITHIN THIRTY (30) DAYS<br><br>(ECF No. 20) |

     Plaintiff Morris Lee Love, Jr. is a county jail inmate proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

     On May 17, 2023, the Magistrate Judge screened the complaint and determined that Plaintiff had stated cognizable claims of excessive force in violation of the Eighth Amendment against Defendants Shaffer and Van-ness. (ECF No. 19 at 13.) After determining that Plaintiff had failed to state any other cognizable claims, the Magistrate Judge ordered Plaintiff either to notify the Court of his intent to proceed on only the cognizable claims or file a first amended complaint. (*Id.*) The Magistrate Judge ordered Plaintiff to respond by June 20, 2023. (*Id.*) Ten days after this deadline passed, and with no response from Plaintiff, the Magistrate Judge issued findings and recommendations, recommending that the Court dismiss this action due to Plaintiff's failure to comply with a court order. (ECF No. 20.) The findings and recommendations

contained notice that Plaintiff had until July 20, 2023 to file objections. (*Id.* at 3.) That deadline passed without any contact from Plaintiff. Then, on August 10, 2023, Plaintiff filed a notice of change of address with the Court. (ECF No. 21.) In that notice, Plaintiff states that, thinking his case had been dismissed, he attempted to call the Court to make an oral motion. (*Id.*)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B), the Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court declines to adopt the Magistrate Judge's findings and recommendations. Plaintiff filed this case on September 15, 2021 but did not receive a screening order until May 17, 2023, almost two years later. In the meantime, Plaintiff diligently maintained contact with the Court, submitting multiple notices of his changing address. (*See* ECF Nos. 7, 11, 13, 14, 17.) Plaintiff also timely paid the filing fee in this action, in response to an order from the Magistrate Judge. (*See* ECF No. 10.) Plaintiff's notice of change of address missed the deadline to respond to the findings and recommendations by thirty days,[1] but this delay is minor when compared with the almost two years Plaintiff waited for the screening order in this case. The notice also indicates Plaintiff's confusion about the effect of the screening order and findings and recommendations on the status of his case. There is no indication that Plaintiff's failure to respond was intentionally dilatory. In fact, as discussed above, he has consistently updated the Court about changes to his address. It also appears from the most recent notice of change of address that Plaintiff may have attempted to convey information to the Court about his case by phone. (ECF No. 20.) Most significantly, the Magistrate Judge has determined that the complaint states cognizable claims. Therefore, permitting Plaintiff one more opportunity to respond to the Magistrate Judge's May 17, 2023 order does not threaten to be merely an exercise in futility.

Accordingly,

1. The Court declines to adopt the findings and recommendations issued on June 30, 2023, (ECF No. 20);

---

[1] The delay was likely even shorter. While the notice was docketed on August 10, 2023, the notice itself is dated August 3, 2023. (ECF No. 20.) Courts consider a pro se prisoner's filing to be filed "at the time [the prisoner] delivered it to prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 276 (1988); *Douglas v. Noelle*, 567 F.3d 1103, 1108–09 (9th Cir. 2009).

2. **No later than thirty (30) days following the date of signature on this order**, Plaintiff must either:

    a. Notify the Court that he wishes to proceed with his cognizable claims of excessive force in violation of the Eighth Amendment against Defendants Shaffer and Van-ness and to dismiss the remainder of his claims; or

    b. File a first amended complaint;

3. If Plaintiff chooses to amend the complaint, he shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:21-cv-01380-GSA (PC); and

4. This is the second and final opportunity Plaintiff will have to answer the Magistrate Judge's order. Failure to comply will likely result in another recommendation from the Magistrate Judge to dismiss this action in its entirety.

IT IS SO ORDERED.

Dated:   August 29, 2023

UNITED STATES DISTRICT JUDGE

3